Priority   ___
Send       ✓
Enter      ✓
Closed     ___
JS-5/JS-6  NO
JS-2/JS-3  ___
Scan Only  ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 01-3234 LGB (SHx)     **Date:** June 4, 2001

**Title:** Survivor Productions LLC et al. v. Fox Broadcasting Company, et al.

==================================================================
DOCKET ENTRY
==================================================================

**PRESENT:** Hon. Lourdes G. Baird, United States District Judge

Catherine Jeang                None Present
Deputy Clerk                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
None                                   None

ENTERED
CLERK, U S DISTRICT COURT
JUN - 7 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**PROCEEDINGS:** In Chambers

Defendant Fox Broadcasting Company brings a motion to dismiss Plaintiffs' second, third, and fourth claims for relief. Remaining defendants LMNO Productions, Inc., LMNO Distribution, Inc., Boot Camp Productions, Granada Entertainment USA, and Scott Messick join in the motion.

Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7.11, the Court hereby dispenses with oral argument and will decide the motion on the basis of the papers submitted. Therefore, the Court will **not** entertain argument on this motion on June 11, 2001 at 10:00 a.m.

### Factual Background

In this action, plaintiffs Survivor Productions LLC and CBS Broadcasting, Inc. ("Plaintiffs") allege that Defendants' television program "Boot Camp" infringes Plaintiffs' copyright in its television program "Survivor," and its sequel, "Survivor: The Australian Outback" (collectively "Survivor"). See Pl.'s Compl. at ¶¶7-8. Plaintiffs also allege that defendants LMNO

Docketed ___
Copies/NTC Sent
JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

1

Productions, Inc. and LMNO Distributions, Inc. (collectively "LMNO") deliberately sought to enhance the similarity between Boot Camp and Survivor by hiring defendant Scott Messick, a Producer of the original Survivor program, to work on Boot Camp. See id. at ¶ 27. As a member of Survivor's first creative team, Messick allegedly possessed confidential information pertaining to the Survivor program, and was therefore required to sign a written non-disclosure agreement with Survivor Entertainment Group. See id. at ¶¶ 28-29. Plaintiffs allege that Messick wrongfully disclosed and used this confidential information in the creation of Boot Camp. See id. at ¶59.

Plaintiffs assert four claims: (1) copyright infringement, based on the substantial similarity between Survivor and Boot Camp (Compl. at ¶¶ 37-49); (2) common law unfair competition, based on Defendants' misappropriation of Plaintiffs' intellectual property (id. at ¶¶ 50-56); (3) statutory unfair business practices, based on Defendants' misappropriation of Survivor's unique elements, and Messick's wrongful disclosure of confidential information regarding Survivor (id. at ¶¶ 57-62); and (4) civil conspiracy, based on Defendants' willful agreement to engage in unfair competition and business practices in the development of Boot Camp (id. at ¶¶ 63-68).

### Defendants' Motion to Dismiss

On April 30, 2001, Defendants filed the instant motion to dismiss Plaintiffs' second, third, and fourth claims for relief. Defendants base their motion on the contention that the Copyright Act preempts these claims. See Def.'s Mem. of P.& A. at 4. On May 18, 2001, Plaintiffs filed a Statement Of Non-Opposition, wherein they agreed to dismissal of the claims without prejudice, but maintained their position that the claims are adequately plead to withstand Defendants' preemption challenge. See Pl.'s Statement at 1. Plaintiffs basis for agreeing to dismissal of the state law claims is that it "will enable all parties to focus on the important matter of Defendants' copyright infringement." Id. at 2.

In its Reply, Defendant Fox Broadcasting Company ("Fox") objects to any dismissal of the state law claims without prejudice. Fox argues that dismissal should be with prejudice, because no possible amendment of the state law claims will enable them to survive preemption. See Def.'s Reply at 2-3. Moreover, Fox argues, it will be harmed by a dismissal without prejudice, because it leaves open the possibility that Plaintiffs will

2

reinstate these claims at a late stage in the litigation. See id. at 4.

In its Sur-Reply, Plaintiffs correctly point out that Fox failed to request a dismissal with prejudice in its opening papers, and did not submit a Proposed Order specifying that such a dismissal was sought. Thus, Plaintiffs argue, it would be unfair to permit a dismissal with prejudice, particularly when Plaintiffs' agreement to dismiss these claims was conditioned on a dismissal without prejudice. Plaintiffs thus reaffirm their request for dismissal of these claims without prejudice.

Having considered the parties' arguments, the Court concludes that dismissal without prejudice is appropriate. Plaintiffs should not be penalized for agreeing to a streamlining of the litigation while it is in its early stages. If Plaintiffs wish to reinstate their state law claims in the future, they will be required to seek leave to amend their complaint under Federal Rule of Civil Procedure 15. The relevant factors the Court will consider if such leave is requested include possible prejudice to defendants and the futility of the requested amendment. See Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). In its examination of prejudice, the Court will certainly consider any possibility of harm to Fox. In its examination of futility, the Court will consider any arguments of preemption that Fox may proffer at that time. In light of the fact that Defendants' concerns will be adequately addressed if Plaintiffs seek to reinstate their state law claims, the most appropriate course at this stage of the litigation is to dismiss Plaintiffs' state law claims without prejudice.

### Conclusion

For the foregoing reasons, Plaintiffs' claims of common law unfair competition, statutory unfair business practices, and civil conspiracy are hereby **DISMISSED WITHOUT PREJUDICE**.

Deput Clerk _____

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED
BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.
DATE: **JUN 0 5 2001**

3

**DEPUTY CLERK**